IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BERTHA GRIMMAGE ASHLEY, | ) | C/A No. 4:11-cv-03107-TLW-KDW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PATRICK R. DONAHOE, | ) | REPORT AND RECOMMENDATION |
| POSTMASTER GENERAL, | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

This case is before the court on the motion of Defendant Patrick R. Donahue, Postmaster General, United States Postal Service ("Defendant" or "the U.S. Postal Service") to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 6. Plaintiff Bertha Grimmage Ashley ("Plaintiff" or "Ashley"), in her Complaint, alleges causes of action against her former employer, the U.S. Postal Service, for race discrimination, retaliation, and hostile work environment, all in violation of Title VII of the Civil Rights Act of 1964, as amended, and of 42 U.S.C. § 1981. ECF No. 1. Defendant argues that the allegations set forth in the complaint fail to state a claim for which relief can be granted, and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues in the alternative that summary judgment should be granted pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 6.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73.02(B)(2)(g), D.S.C. Because the

motion to dismiss and the motion for summary judgment are dispositive ones, this report and recommendation is entered for the district judge's consideration.

I.     Race Discrimination Claim

Plaintiff, a black female, alleges that on April 13, 2011, her supervisors, a white male and a white female, "harassed and verbally assaulted her regarding how she handled the mail." ECF No. 1 ¶ 10. She then filed an EEO complaint, stating that her supervisors' actions were racially discriminatory. ECF No. 1 ¶ 10. Plaintiff seeks relief under Title VII and 42 U.S.C. § 1981, claiming she is entitled to damages for discrimination.[1] The undersigned disagrees.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Complaints that fail to meet this standard are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

In order to survive a motion to dismiss, a plaintiff must set forth facts sufficient to allege each element of her claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), *cert. denied,* 540 U.S. 940 (2003).[2] The elements of a prima facie cause of action for

---

[1] The standards applicable to suits under Title VII of the Civil Rights Act of 1964 are also applicable to suits brought under § 1981, and therefore apply to Plaintiff's § 1981 claim as well as her Title VII claim. *Thomas v. Westinghouse Savannah River Co*., 21 F. Supp. 2d 551, 555 (D.S.C. 1997) (citing *Gairola v. Com. of Virginia Dep't of General Servs.*, 753 F.2d 1281, 1285 (4th Cir.1985).

[2] In *Bass*, the Fourth Circuit points out the Supreme Court's holding that a complaint in an employment discrimination suit need not allege specific facts establishing a prima facie case of discrimination. *See Swierkiewicz v. Sorema N.A*., 534 U.S. 506 (2002). The court goes on to say, however, that although "a plaintiff is not charged with forcast[ing] evidence sufficient to prove an element of her claim," she "*is* required to allege facts that support a claim for relief." *Bass,* 324 F.3d at 764-65 (internal citations omitted) (dismissing cause of action because plaintiff failed to allege facts sufficient to support the second and third elements of her hostile work environment claim). "Thus, in order to survive a motion to dismiss, [a plaintiff in the Fourth Circuit] must sufficiently allege a prima facie case of…race discrimination as described in *McDonnell Douglas*." *Jones v. Karnick, Inc.,* C.A. No. 8:11-1554-HMH-JDA, 2012 WL 13774 (D.S.C. Jan. 3, 2012) (referring to *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)).

race discrimination are: (1) Plaintiff is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. *Hill v. Lockheed Martin Logistics Mgmt. Inc.,* 354 F.3d 277, 285 (4th Cir. 2004).

Although Plaintiff satisfies the first element by being a member of a protected class, African-American, she does not establish the second element, that she suffered adverse employment action. An adverse action is a discriminatory act that "adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes*, 487 F.3d 208, 219 (4th Cir. 2007), *cert. denied*, 552 U.S. 1102 (2008). "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998). *See also Eady v. Veolia Transp. Servs.*, 609 F. Supp. 2d 540 (D.S.C. 2009) (issuance of a performance improvement plan was not adverse employment action as required for African-American employee's Title VII discrimination claim); *Jeffers v. Thompson*, 264 F. Supp. 2d 314, 330 (D.Md. 2003) ("a reprimand, whether oral or written, does not *per se* significantly alter the terms or conditions of employment, but only becomes an adverse action if it works a real, rather than a speculative, employment injury"); *Russell v. Principi*, 257 F.3d 815, 818 (D.C. Cir. 2001) ("While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action; [if this were not the case,] minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would . . . form the basis of a discrimination suit'"). Moreover, a slight change in duties,

absent a showing that Plaintiff received less pay or fewer benefits or "even that her adjusted work was especially onerous or humiliating" does not constitute the requisite adverse employment action. *Talamantes v. Berkeley Cnty. Sch. Dist.*, 340 F. Supp. 2d 684, 699 (D.S.C. 2004). *See also Munday v. Waste Management of N.A., Inc.,* 126 F.3d 239, 243 (4th Cir. 1997), *cert. denied*, 522 U.S. 1116 (1998) (giving an employee less preferable work assignments, excluding her from meetings, or ignoring her is not enough for an adverse employment action). The question is "whether there has been discrimination in what would be characterized as ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating." *Page v. Bolger*, 645 F.2d 227 (4th Cir. 1981), *cert. denied,* 454 U.S. 892 (1981).

In this case, Plaintiff does not claim that she was disciplined or reassigned or that there was any change in the conditions or terms of her employment. None of the acts alleged in the Complaint, even if true, constitute adverse employment actions. Specifically, Plaintiff's allegations of being harassed and verbally assaulted on one particular day concerning the way she handled the mail, being told to cease banding the mail, and being questioned concerning leave do not satisfy this requirement.

Because Plaintiff has failed to establish the second element of her claim, it follows she cannot establish the remaining elements (that she was performing satisfactorily at the time of the adverse action, and that the position from which she was terminated remained open). Accordingly, Plaintiff's cause of action for race discrimination should be dismissed.

II.     Retaliation Claim

Plaintiff alleges that in retaliation for filing her EEO complaint internally, she was "faced with indifference, callousness, and punishment in retaliation for reporting the discriminatory treatment." ECF No. 1 ¶ 11. She claims she was "told not to band her mail when pulling down",

a procedure about which she was never questioned in the past. ECF No. 1 ¶ 11. She further alleges she was questioned by her supervisor regarding her submission of request for absence form. ECF No. 1 ¶ 12. These accusations, even taken as true, do not state a claim of retaliation in violation of Title VII. To state a prima facie case of retaliation, a plaintiff must show that (1) the plaintiff engaged in protected activity, such as filing a complaint with the EEOC; (2) the employer acted adversely against the plaintiff; and (3) the protected activity was causally connected to the employer's adverse action. *Okoli v. City of Baltimore*, 648 F.3d 216, 223 (4th Cir. 2011).

Here, Plaintiff did engage in a protected activity, filing an internal EEO complaint. *See Tobin v. Bodman*, C.A. No. 1:06-492-RBH, 2009 WL 799654 (D.S.C. Mar. 23, 2009). She did not, however, plead facts sufficient to establish either of the remaining elements. As stated herein, an adverse action is one that "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hoyle v. Freightliner, LLC*. 650 F.3d 321, 337 (4th Cir. 2011) (citations omitted). Recognizing that retaliation can be more subtle, the courts allow a more liberal standard of adverse action in retaliation cases, allowing a plaintiff to prevail on a showing "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (citing *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Even under the heightened standard set forth in *Burlington Northern*, none of the incidents set forth in the Complaint rise to the level of materially adverse employment actions. Plaintiff was not disciplined, she lost no pay or benefits, and there was no change in the terms or

5

conditions of her employment. Plaintiff's supervisor "questioned" Plaintiff concerning her use of a request for absence form. A reasonable employee would not have been dissuaded from making or supporting a charge of discrimination for fear of being questioned concerning the proper use of a form. Likewise, being told for the first time not to band the mail would not dissuade a reasonable employee from making a charge. *See Parsons v. Wynne*, 221 F. App'x 197, 199, 2007 WL 731398, *1 (4th Cir. 2007) (adverse performance evaluation and change in work schedule not materially adverse actions); *Washington v. Norton,* C.A. No. 3:04CV104, 2007 WL 1417290, *4 (N.D.W.Va. May 11, 2007) ("Reprimanding an employee for unprofessional conduct or warning an employee about poor performance by letter ... would not dissuade a worker from filing protected complaints"); *Gordon v. Gutierrez*, C.A. No. 1:06cv861, 2007 WL 30324, *9 (E.D.Va. Jan. 4, 2007) (circumstances of verbal counseling ... would not discourage a reasonable employee"); and *Zackrie v. Lockheed Martin*, *Corp*., C.A. No. RWT 04-1864, 2006 WL 2849767, *8 (D.Md. Oct. 2, 2006) (documenting areas for improvement and tracking absences insufficient to dissuade reasonable employee). Therefore, Plaintiff's cause of action for retaliation should be dismissed.

    III.    Hostile Work Environment Claim

Finally, Plaintiff alleges that the same actions complained of earlier in her complaint constitute a hostile work environment in violation of Title VII. ECF No. 1 ¶¶ 1-33. The undersigned disagrees. To establish a racially hostile work environment, a plaintiff must present facts to show that there was (1) unwelcome conduct; (2) that was based on the plaintiff's race; (3) which was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer. *Okoli v.*

*City of Baltimore,* 648 F.3d 216, 220, (citing *Mosby-Grant v. City of Hagerstown,* 630 F.3d 326, 334 (4th Cir. 2010).

To satisfy the second element of her cause of action, Plaintiff "must show that 'but for' her race…, she would not have been the victim of the alleged discrimination." *Gilliam v. S.C. Dept. of Juvenile Justice,* 474 F.3d 134, 142 (4th Cir. 2007), (quoting *Causey v. Ballog,* 162 F.3d 795, 801 (4th Cir. 1998)). Here, Plaintiff offers no more than her own unsupported assertions to show that the conduct complained of was based on her race. She points to no evidence that derogatory comments were made to her about her race. Even if Plaintiff was able to show her supervisors "disliked or disrespected her resulting in a more stressful or less favorable environment, that fact, absent some independent evidence of racial animosity, is not sufficient to establish a prima facie claim." *Shirer v. Tri-Cnty. Elec. Co-op., Inc.,* C.A. No. 5:07-1156-MBS, 2009 WL 2900767 (D.S.C. Sept. 9, 2009) (citing *Gilliam*, 474 F.3d at 143.)

Moreover, Defendant's conduct as set forth by Plaintiff falls far short of the type of severe or pervasive conduct required to state a claim for hostile work environment. The Supreme Court has held that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in terms or conditions of employment." *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998). In determining whether harassment is sufficiently severe or pervasive as to constitute a hostile work environment, the court must look at all the circumstances, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely consists of offensive utterances; and (4) whether it unreasonably interferes with the employee's work performance. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Ashley's allegations of her supervisors criticizing how she handled the mail, of telling her not to band the

mail, of questioning her submission of a request for absence form and of riding along with her as she delivered the mail on one occasion simply do not amount to severe and pervasive discriminatory conduct on Defendant's part.  *See, e.g., Robinson v. Potter*, C.A. No. 3:09-208-CMC-PJG, 2010 WL 4964741 (D.S.C. Nov. 9, 2010) (allegations of being subjected to undeserved discipline and hostile and negative attitude by supervisor not severe and pervasive enough to create hostile work environment).  Therefore, Plaintiff's cause of action for hostile work environment should be dismissed.

    IV.    CONCLUCION

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED, and that Plaintiff's Complaint, alleging causes of action for race discrimination, retaliation, and hostile work environment be DISMISSED pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

IT IS SO RECOMMENDED.

April 11, 2012                                                    Kaymani D. West

Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**