IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bertha Grimmage Ashley, | ) |
|         Plaintiff, | ) |
| vs. | ) Civil Action No. 4:11-3107-TLW-KDW |
| Patrick R. Donahoe, Postmaster General, United States Postal Service, | ) |
|         Defendant. | ) **ORDER** |

Plaintiff Bertha Grimmage Ashley, ("Plaintiff"), brought this civil action asserting claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., and 42 U.S.C. § 1981. (Doc. # 1).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D. West, to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that Defendant's Motion to Dismiss be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] (Doc. # 13). Plaintiff filed objections to the Report. (Doc. # 14). In conducting its review, the Court therefore applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are

---

[1] Magistrate Judge West recommends dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For this reason, the Magistrate Judge has no legal grounds to reach Defendant's alternative Rule 56 Motion for Summary Judgment.

addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the Plaintiff's objections. The Court has undertaken a careful review of the case law cited in the Report on the pleading and proof requirements with respect to the adverse employment action element of discrimination claims. Having reviewed the Magistrate's Report as well as the objections thereto, the Court hereby **ACCEPTS** the Report. (Doc. # 13). Defendant's Motion to Dismiss is **GRANTED**. (Doc. # 6). Plaintiff's complaint is **DISMISSED**.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

June 18, 2012
Florence, South Carolina